UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CRISTINI,

    Petitioner,                                                 Case No. 01-CV-74483-DT

v.

                                                        HONORABLE DENISE PAGE HOOD

KEN McKEE,

    Respondent.

_____/

**ORDER RE VARIOUS MOTIONS FILED BY PETITIONER**

On March 28, 2006, the Court issued a Judgment and an Order Conditionally Granting Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Respondent filed a Notice of Appeal on April 18, 2006. Even though the Court found in his favor, Petitioner filed a Notice of Cross Appeal on April 27, 2006, along with a Motion for Certificate of Appealability, and a Motion for Leave to Proceed on Appeal *In Forma Pauperis*, a Motion Requesting that the Court Deny Respondent's Motion to Stay Proceedings, Motion Seeking Personal Recognizance Bond, Motion for Request for Transmission of the District Court Records, and a Motion for Filing a Representative Statement to the Sixth Circuit Court of Appeals. Petitioner has since filed a Motion Seeking Enforcement of District Court's Judgment and Order on June 30, 2006 and a Motion for Immediate Consideration of Motion for Writ Ordering the Respondent to Release Petitioner from Custody Forthwith/Immediately on August 2, 2006.

Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App.

P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a prisoner's petition is denied on procedural grounds, a certificate of appealability "should issue . . .if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Petitioner essentially seeks to appeal all the claims he raised in his Petition, including the claims addressed by the Court in its Order. The Court only addressed Petitioner's claims involving prosecutorial misconduct (Claims I, II and VII). The Court did not address the remaining claims raised by Petitioner because the Court conditionally granted Petitioner's Petition based on the Court's finding in favor of Petitioner on the prosecutorial misconduct claims. If a court grants habeas relief based on one issue or claim raised by a petitioner, the remaining claims need not be addressed. *See Martin v. Parker,* 11 F.3d 613, 617 (6th Cir. 1993). The Court, therefore, will not issue a certificate of appealability as to the claims not addressed by the Court. As to the prosecutorial misconduct claims addressed by the Court, a certificate of appealability is not required since Respondent has filed a Notice of Appeal and Petitioner will have the opportunity to address his arguments relating on the prosecutorial misconduct claims on appeal.

The Motion to Proceed on Appeal *In Forma Pauperis* is moot because the Court denied the request for certificate of appealability. In any event, Petitioner will be able to proceed on appeal as

an appellee without paying any filing fees.

Petitioner's Motion Requesting the Court to Deny Respondent's Motion to Stay Proceedings is also moot because Respondent filed no such motion. However, the Court will consider Petitioner's arguments in conjunction with Petitioner's Motion Seeking Enforcement of District Court's Judgment and Order and Motion for Immediate Consideration of Motion for Writ Ordering the Respondent to Release Petitioner.

The Court conditionally granted Petitioner's Application for Writ of Habeas Corpus upon the State affording Petitioner a new trial within ninety days of the date of the Opinion, March 28, 2006. Instead of a new trial, Respondent filed a Notice of Appeal. If a habeas petitioner is successful, there is a presumption that the petitioner be released from custody pending the state's appeal of a district court's decision granting habeas relief. *Hilton v. Braunskill,* 481 U.S. 770, 774 (1987); *Ward v. Wolfenbarger,* 340 F.Supp.2d 773, 777 (E.D. Mich. 2004); Fed. R. App. P. 23(c). The presumption may be overcome if the judge rendering the decision, or an appellate court or judge, orders otherwise. *Hilton,* 481 U.S. at 774. Habeas proceedings are civil in nature, therefore, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to release a habeas petitioner pending the state's appeal. *Id.* at 776. The factors of a stay include: 1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; whether the stay applicant will be irreparably injured absent a stay; whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and where the public interest lies. *Id.* Other factors in determining whether to stay an order granting relief to a habeas petitioner include: petitioner's risk of flight; the risk that petitioner would pose a danger to the public if released; the state's interest in continuing custody and rehabilitation of the petitioner;

3

the interest of the habeas petitioner in his release pending appeal; and the likelihood of the state's success on the merits of the appeal. *Id.* at 777. The interests of the habeas petitioner in release pending appeal, while always substantial, will be strongest where the other factors are the weakest. *Id.* at 777-78. The balance of factors relevant to determining whether a successful habeas petitioner should be released pending appeal may depend to a large extent upon a determination of the state's prospects of success in its appeal. *Id.* at 778. Where the state fails to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the release of the petitioner should control. *Id.*

In this case, Respondent did not file a motion for stay of proceedings pending the appeal of the Court's order granting habeas relief nor a response to Petitioner's motion seeking release. When a respondent fails to offer any support to stay the proceedings, the respondent waives any argument on this issue. *Wolfenbarger,* 340 F.Supp.2d at 778. Respondent offered no argument that he would be irreparably injured in the absence of a stay or that there would be any risk of harm to the public interest if a stay was not issued in this case. A petitioner suffers irreparable harm each day the petitioner remains imprisoned in violation of the United States Constitution. *Id.* "[R]emedying such harm is the very essence of the writ of habeas corpus." *Id.* (quoting *Burdine v. Johnson,* 87 F. Supp. 2d 711, 717 (S.D. Tex. 2000)). Weighing the factors set forth above and given that Respondent has failed to submit any argument regarding staying the matter pending appeal or the Petitioner's request to be released pending appeal, the Court grants Petitioner's request to be released on personal recognizance, without surety. Fed. R. App. P. 23(c).

Accordingly,

IT IS ORDERED that Petitioner's Application/Motion to Proceed *In Forma Pauperis* on Appeal **(Docket No. 107, filed April 27, 2006)** is DENIED as MOOT.

IT IS FURTHER ORDERED that Petitioner's Motion for Certificate of Appealability **(Docket No. 108, filed April 27, 2006)** is DENIED.

IT IS FURTHER ORDERED that the Motion Requesting that the Court Deny Respondent's Motion to Stay Proceedings **(Docket No. 109, filed April 27, 2006)** is MOOT.

IT IS FURTHER ORDERED that Petitioner's Motion Seeking Personal Recognizance Bond **(Docket No. 110, filed April 27, 2006)** is GRANTED.

IT IS FURTHER ORDERED that Petitioner's Motion for Request for Transmission of the District Court Records **(Docket No. 112, filed April 27, 2006)** is MOOT because it is the Clerk's duty to transmit the records as a matter of course during the appellate proceedings.

IT IS FURTHER ORDERED that Petitioner's Motion for Filing a Representative Statement to the Sixth Circuit Court of Appeals **(Docket No. 113, filed April 27, 2006)** is MOOT since such a statement by counsel is to be submitted to the Sixth Circuit Court of Appeals, not the District Court.

IT IS FURTHER ORDERED that Petitioner's Motion Seeking Enforcement of District Court's Judgment and Order **(Docket No. 114, filed June 30, 2006)** is GRANTED.

IT IS FURTHER ORDERED that the Motion for Immediate Consideration of Motion for Writ Ordering Respondent to Release Petitioner from Custody Forthwith/Immediately **(Docket No. August 2, 2006)** is GRANTED.

**IT IS FURTHER ORDERED THAT RESPONDENT OR PETITIONER'S**

5

**CUSTODIAN, RELEASE PETITIONER JAMES CRAIG CRISTINI FROM CUSTODY FORTHWITH, NO LATER THAN TEN (10) DAYS FROM THE DATE OF THIS ORDER, ON PERSONAL RECOGNIZANCE WITHOUT SURETY PURSUANT TO FED. R. APP. P. 23(c). RESPONDENT MUST FILE A STATEMENT INDICATING PETITIONER HAS BEEN RELEASED WITHIN TEN (10) DAYS FROM PETITIONER'S RELEASE. OTHERWISE, THE COURT WILL ISSUE AN ORDER TO SHOW CAUSE WHY RESPONDENT SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATING THE COURT'S ORDER.**

                 /s/ DENISE PAGE HOOD
                 DENISE PAGE HOOD
                 United States District Judge

DATED: August 21, 2006

       I hereby certify that a copy of the foregoing document was served upon counsel of record on August 21, 2006, by electronic and/or ordinary mail.

                 s/William F. Lewis
                 Case Manager