UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CRISTINI,

    Petitioner,                                     Case No. 01-CV-74483-DT

v.

                                               HONORABLE DENISE PAGE HOOD

KEN McKEE,

    Respondent.
_____/

## ORDER RE RESPONDENT'S EMERGENCY MOTIONS FOR REHEARING, IMMEDIATE CONSIDERATION, AND FOR STAY PENDING APPEAL

On August 21, 2006, the Court entered an order granting Petitioner's motions seeking release from custody in accordance with the Court's March 28, 2006 Order Conditionally Granting Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The March 28, 2006 Order conditionally granted the Writ of Habeas Corpus upon Respondent affording Petitioner a new trial within ninety (90) days from the date of the Order. As this Court indicated in its August 21, 2006 Order, Respondent filed a Notice of Appeal of the Court's March 28, 2006 Order and Judgment, without filing a Motion to Stay the Court's Order granting the Writ of Habeas Corpus. Petitioner thereafter filed various motions seeking release pursuant to the Court's March 28, 2006 Order. Again, as indicated in its August 21, 2006 Order, Respondent failed to file a response to any of the Petitioner's motions seeking release. Respondent now seeks, on an emergency basis and belatedly, an order seeking a stay of the Court's March 28, 2006 Order.

A motion filed after a judgment has been entered is correctly considered as either a motion for new trial or motion to alter or amend judgment under Fed.R.Civ.P. 59. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Rule 59(e) allows a party to file a Motion to Alter

or Amend Judgment within a ten-day time period of the entry of the Judgment. The ten day time period cannot be extended by the district court if the motion is filed after a judgment has been entered. Fed.R.Civ.P. 6(b); *Peake v. First National Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983). The ten day time limit is jurisdictional and may not be altered or waived. *Feathers,* 141 F.3d at 268. A Rule 59 motion filed outside the mandatory ten day window is of no effect. *Id.*

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). Local Rule 7.1(g) further states:

> (3) **Grounds**. Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

Respondent's Motion for Rehearing of the Court's March 28, 2006 Order conditionally granting Petitioner's application for writ of habeas corpus is untimely and the Court lacks jurisdiction to consider the motion under Rule 59. Additionally, Respondent filed a Notice of Appeal from the March 28, 2006 Order. It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate,* 958 F.2d 164, 167 (6th Cir. 1992). The Court lacks jurisdiction to consider the merits of the March 28, 2006

Order.

As to the August 21, 2006 Order, Respondent timely filed a Motion for Reconsideration of that Order. The Court finds that Respondent's motion for rehearing or reconsideration merely presents the same issues ruled upon by the Court in its August 21, 2006 Order, either expressly or by reasonable implication. Respondent failed to demonstrate a palpable defect by which the Court and the parties have been misled and failed to show that a different disposition of the case must result from a correction thereof.

Respondent's argument that he "unintentionally failed to file a motion to stay this Court's order pending appeal despite the clear interest of the State in retaining custody of Petitioner" sounds hollow at this juncture. (See 8/24/06 Br., p. 2) Respondent had several opportunities to file either a Motion to Stay Pending Appeal or a response to any of the Petitioner's motions for release. At this age of e-filing, Respondent had sufficient notice that Petitioner filed various motions for release and Respondent had easy access to the Court's docket to determine whether Respondent "unintentionally failed to file a motion to stay this Court's order pending appeal." Respondent could have raised the arguments he is now raising in his motion before the Court, *prior* to the Court's entry of the August 21, 2006 Order, as required by the Court's Local Rules governing motion practice. A Motion for Rehearing or Reconsideration is not a vehicle to raise new legal arguments that could have been raised earlier because such motions are "aimed at *re*consideration, not initial consideration." *See Sault Ste. Marie Tribe of Chippewa Indians,* 146 F.3d 367, 374 (6th Cir. 1998).

Respondent's inference that the Court would be "irresponsible" in releasing Petitioner because he is a convicted murderer and security level III prisoner with a history of misconducts while in prison fails to take into account Respondent's lack of diligence in taking advantage of the

3

procedures available to him. The Sixth Circuit addressed the State of Michigan's lack of action in a habeas proceeding stating, "[w]hat the state appears to have forgotten is that *it did not comply with the conditional writ." Satterlee v. Wolfenbarger,* 453 F.3d 362, 369 (6th Cir. 2006) (italics in original). The Sixth Circuit explained,

> Conditional [writs] are essentially accommodations accorded to the state. They represent a 'habeas' court's holding that a[n] ... infirmity justifies petitioner's release. The conditional nature of the order provides the state with a window of time within which it might cure the ... error. ... When the state fails to cure error, i.e., when it fails to comply with the order's conditions, "[a] conditional grant of a writ of habeas corpus *requires* the petitioner's release from custody." ... "Conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one, and the consequence when they fail to do so is always release." ... "If the state fails to act within the time set for retrial (or for some other proceeding) to occur, the petitioner must be released from custody immediately."

*Satterlee,* 453 F.2d at 869 (internal citations omitted). The Sixth Circuit has consistently endorsed the use of conditional writs and has noted that its decisions in allowing such conditional writs would be meaningless if a habeas court could not order a noncompliant state to release a prisoner. *Id.* at 869, n. 5) This Court's Conditional Writ gave Respondent the opportunity to either afford Petitioner a new trial or release Petitioner. Should the Court of Appeals uphold this Court's Conditional Writ, the State would have the opportunity to retry Petitioner. If the Court of Appeals were to reverse this Court's Conditional Writ, the conviction and sentence would remain in effect.

The Court's August 21, 2006 Order set forth the factors to be considered in issuing a stay pending appeal. As the Court noted, Respondent failed to file a motion to stay and failed to file a response to Petitioner's request to be released pending appeal. In the absence of any argument to support a stay, the Court had nothing before it in favor of Respondent to issue a stay. Respondent belatedly files a brief in support of a stay, along with exhibits consisting of Petitioner's Biographical

4

Information from the Michigan Corrections website and ten (10) pages of documents entitled "Misconduct Summaries" with columns and numbers which the Court is unable to decipher since no explanation was submitted regarding the meaning of the columns and numbers. These documents do not support Respondent's argument regarding risk of flight and that Petitioner poses a danger to the public if released because other than Respondent's conviction, which is at the heart of the habeas petition, and the undecipherable exhibits submitted by Respondent, Respondent has not shown that Petitioner is a risk of flight and poses a danger to the public if released. Because the appeal is pending, Petitioner is obligated to notify the Sixth Circuit Court of Appeals, this Court and Respondent of his mailing address so that papers from the Courts and the Respondent could be served properly upon Petitioner.

Even with the belated documents submitted, Respondent has failed to overcome the presumption that a petitioner be released from custody pending the state's appeal of an order granting habeas relief. *Hilton v. Braunskill,* 481 U.S. 770, 774 (1987). However, the Court will allow Respondent ten (10) days from the date of this Order to file an appeal of this Order. If the Court of Appeals does not grant Respondent's request to stay the conditional writ pending the appeal within ten (10) days from this Order, then Respondent shall release Petitioner in accordance with the Court's August 21, 2006 Order.

Accordingly,

IT IS ORDERED that Respondent's Emergency Motions for Rehearing, Immediate Consideration and for Stay Pending Appeal (**Docket No. 117, filed August 24, 2006**) is DENIED in part and GRANTED in part as more fully set forth above.

IT IS FURTHER ORDERED that upon release as soon as possible, Petitioner file a notice of change of address with: 1) the Sixth Circuit Court of Appeals in Cincinnati, Ohio; 2) the United States District Court for the Eastern District of Michigan; and 3) Respondent's counsel.

IT IS FURTHER ORDERED that if the Court does not grant Respondent's request to stay the conditional writ pending appeal in this matter within ten (10) days from the date of this Order, Respondent shall release Petitioner in accordance with the Court's August 21, 2006 Order.

    /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: August 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager

6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAMES CRISTINI,

    Petitioner,

v.

    Case No. 01-CV-74483-DT

    HONORABLE DENISE PAGE HOOD

KEN McKEE,

    Respondent.
_____/

## ORDER RE RESPONDENT'S EMERGENCY MOTIONS FOR REHEARING, IMMEDIATE CONSIDERATION, AND FOR STAY PENDING APPEAL

On August 21, 2006, the Court entered an order granting Petitioner's motions seeking release from custody in accordance with the Court's March 28, 2006 Order Conditionally Granting Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. The March 28, 2006 Order conditionally granted the Writ of Habeas Corpus upon Respondent affording Petitioner a new trial within ninety (90) days from the date of the Order. As this Court indicated in its August 21, 2006 Order, Respondent filed a Notice of Appeal of the Court's March 28, 2006 Order and Judgment, without filing a Motion to Stay the Court's Order granting the Writ of Habeas Corpus. Petitioner thereafter filed various motions seeking release pursuant to the Court's March 28, 2006 Order. Again, as indicated in its August 21, 2006 Order, Respondent failed to file a response to any of the Petitioner's motions seeking release. Respondent now seeks, on an emergency basis and belatedly, an order seeking a stay of the Court's March 28, 2006 Order.

A motion filed after a judgment has been entered is correctly considered as either a motion for new trial or motion to alter or amend judgment under Fed.R.Civ.P. 59. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Rule 59(e) allows a party to file a Motion to Alter

or Amend Judgment within a ten-day time period of the entry of the Judgment. The ten day time period cannot be extended by the district court if the motion is filed after a judgment has been entered. Fed.R.Civ.P. 6(b); *Peake v. First National Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983). The ten day time limit is jurisdictional and may not be altered or waived. *Feathers,* 141 F.3d at 268. A Rule 59 motion filed outside the mandatory ten day window is of no effect. *Id.*

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). Local Rule 7.1(g) further states:

> (3) **Grounds**. Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

Respondent's Motion for Rehearing of the Court's March 28, 2006 Order conditionally granting Petitioner's application for writ of habeas corpus is untimely and the Court lacks jurisdiction to consider the motion under Rule 59. Additionally, Respondent filed a Notice of Appeal from the March 28, 2006 Order. It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court. *Workman v. Tate,* 958 F.2d 164, 167 (6th Cir. 1992). The Court lacks jurisdiction to consider the merits of the March 28, 2006

Order.

As to the August 21, 2006 Order, Respondent timely filed a Motion for Reconsideration of that Order. The Court finds that Respondent's motion for rehearing or reconsideration merely presents the same issues ruled upon by the Court in its August 21, 2006 Order, either expressly or by reasonable implication. Respondent failed to demonstrate a palpable defect by which the Court and the parties have been misled and failed to show that a different disposition of the case must result from a correction thereof.

Respondent's argument that he "unintentionally failed to file a motion to stay this Court's order pending appeal despite the clear interest of the State in retaining custody of Petitioner" sounds hollow at this juncture. (See 8/24/06 Br., p. 2) Respondent had several opportunities to file either a Motion to Stay Pending Appeal or a response to any of the Petitioner's motions for release. At this age of e-filing, Respondent had sufficient notice that Petitioner filed various motions for release and Respondent had easy access to the Court's docket to determine whether Respondent "unintentionally failed to file a motion to stay this Court's order pending appeal." Respondent could have raised the arguments he is now raising in his motion before the Court, *prior* to the Court's entry of the August 21, 2006 Order, as required by the Court's Local Rules governing motion practice. A Motion for Rehearing or Reconsideration is not a vehicle to raise new legal arguments that could have been raised earlier because such motions are "aimed at *re*consideration, not initial consideration." *See Sault Ste. Marie Tribe of Chippewa Indians,* 146 F.3d 367, 374 (6th Cir. 1998).

Respondent's inference that the Court would be "irresponsible" in releasing Petitioner because he is a convicted murderer and security level III prisoner with a history of misconducts while in prison fails to take into account Respondent's lack of diligence in taking advantage of the

3

procedures available to him. The Sixth Circuit addressed the State of Michigan's lack of action in a habeas proceeding stating, "[w]hat the state appears to have forgotten is that *it did not comply with the conditional writ." Satterlee v. Wolfenbarger,* 453 F.3d 362, 369 (6th Cir. 2006) (italics in original). The Sixth Circuit explained,

> Conditional [writs] are essentially accommodations accorded to the state. They represent a 'habeas' court's holding that a[n] ... infirmity justifies petitioner's release. The conditional nature of the order provides the state with a window of time within which it might cure the ... error. ... When the state fails to cure error, i.e., when it fails to comply with the order's conditions, "[a] conditional grant of a writ of habeas corpus *requires* the petitioner's release from custody." ... "Conditional writs enable habeas courts to give States time to replace an invalid judgment with a valid one, and the consequence when they fail to do so is always release." ... "If the state fails to act within the time set for retrial (or for some other proceeding) to occur, the petitioner must be released from custody immediately."

*Satterlee,* 453 F.2d at 869 (internal citations omitted). The Sixth Circuit has consistently endorsed the use of conditional writs and has noted that its decisions in allowing such conditional writs would be meaningless if a habeas court could not order a noncompliant state to release a prisoner. *Id.* at 869, n. 5) This Court's Conditional Writ gave Respondent the opportunity to either afford Petitioner a new trial or release Petitioner. Should the Court of Appeals uphold this Court's Conditional Writ, the State would have the opportunity to retry Petitioner. If the Court of Appeals were to reverse this Court's Conditional Writ, the conviction and sentence would remain in effect.

The Court's August 21, 2006 Order set forth the factors to be considered in issuing a stay pending appeal. As the Court noted, Respondent failed to file a motion to stay and failed to file a response to Petitioner's request to be released pending appeal. In the absence of any argument to support a stay, the Court had nothing before it in favor of Respondent to issue a stay. Respondent belatedly files a brief in support of a stay, along with exhibits consisting of Petitioner's Biographical

Information from the Michigan Corrections website and ten (10) pages of documents entitled "Misconduct Summaries" with columns and numbers which the Court is unable to decipher since no explanation was submitted regarding the meaning of the columns and numbers. These documents do not support Respondent's argument regarding risk of flight and that Petitioner poses a danger to the public if released because other than Respondent's conviction, which is at the heart of the habeas petition, and the undecipherable exhibits submitted by Respondent, Respondent has not shown that Petitioner is a risk of flight and poses a danger to the public if released. Because the appeal is pending, Petitioner is obligated to notify the Sixth Circuit Court of Appeals, this Court and Respondent of his mailing address so that papers from the Courts and the Respondent could be served properly upon Petitioner.

Even with the belated documents submitted, Respondent has failed to overcome the presumption that a petitioner be released from custody pending the state's appeal of an order granting habeas relief. *Hilton v. Braunskill,* 481 U.S. 770, 774 (1987). However, the Court will allow Respondent ten (10) days from the date of this Order to file an appeal of this Order. If the Court of Appeals does not grant Respondent's request to stay the conditional writ pending the appeal within ten (10) days from this Order, then Respondent shall release Petitioner in accordance with the Court's August 21, 2006 Order.

Accordingly,

IT IS ORDERED that Respondent's Emergency Motions for Rehearing, Immediate Consideration and for Stay Pending Appeal (**Docket No. 117, filed August 24, 2006**) is DENIED in part and GRANTED in part as more fully set forth above.

5

IT IS FURTHER ORDERED that upon release as soon as possible, Petitioner file a notice of change of address with: 1) the Sixth Circuit Court of Appeals in Cincinnati, Ohio; 2) the United States District Court for the Eastern District of Michigan; and 3) Respondent's counsel.

IT IS FURTHER ORDERED that if the Court does not grant Respondent's request to stay the conditional writ pending appeal in this matter within ten (10) days from the date of this Order, Respondent shall release Petitioner in accordance with the Court's August 21, 2006 Order.

      /s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: August 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager

6